# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CAROL SPENCE,**

        **Plaintiff,**

**v.**                                     **Case No: 6:16-cv-2235-Orl-22DCI**

**CITICORP CREDIT SERVICES, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Defendant's response to the January 12, 2017 Order to Show Cause. The undersigned that finds the Court lacks subject matter jurisdiction over this case, and, thus, recommends that the case be remanded to state court.

**I.     BACKGROUND.**

    **A. The Complaint.**

On November 15, 2016, Plaintiff filed a Complaint against Defendant in state court. Doc. 2. The Complaint contains the following relevant allegations. Plaintiff has a credit card account with Citibank. *Id*. at ¶ 6. In September 2015, Defendant began placing calls to Plaintiff's home telephone using an automatic telephone dialing (ATD) system in an effort to collect a debt associated with Plaintiff's credit card account. *Id*. at ¶ 7. Defendant placed 38 calls to Plaintiff's home telephone using an ATD system between September 24, 2015 and October 13, 2015. *Id*. at ¶¶ 7-19. On October 14, 2015, Plaintiff sent Defendant a letter (the Letter) revoking any express or implied consent she may have given to call her and requesting Defendant immediately cease contacting her at home. *Id*. at ¶¶ 20-21. Defendant placed an additional 16 calls to Plaintiff's

home telephone using an ATD system between October 14, 2015 and November 6, 2015. *Id.* at ¶¶ 22-27.[1]

Plaintiff asserts two claims against Defendant. First, under Count I, Plaintiff claims Defendant's 54 calls violated the Florida Consumer Collections Practices Act (FCCPA), Fla. Stat. § 559, and requests compensatory damages, statutory damages, punitive damages and attorney's fees and costs. *Id.* at 4-5. Second, under Count II, Plaintiff again claims Defendant's calls violated the FCCPA, and requests a permanent injunction enjoining Defendant from collecting the alleged debt. *Id.* at 5-6.

### B. The Demand Letter.

On December 8, 2016, Plaintiff sent Defendant an email (the Demand Letter), indicating that she was prepared to settle the matter for the following amounts:

- $38,000.00 ($1,000.00 for the 38 calls made prior the Letter)
- $24,000.00 ($1,500.00 for the 16 calls made after the Letter)
- $15,000.00 (for the harassing nature of the calls)[2]
- $23,000.00 (for attorney's fees and costs)

Doc. 1-3. Therefore, Plaintiff demanded that Defendant pay $100,000.00 to completely settle the case. *Id.*

### C. Removal.

On December 28, 2016, Defendant filed a Notice of Removal. Doc. 1. Defendant maintains that the Court has diversity jurisdiction over this case. *Id.* at ¶ 3. Specifically, Defendant

---

[1] The undersigned accepts the allegations in the Complaint as true for purposes of this report.

[2] This amount appears to account for Plaintiff's request for punitive damages.

maintains that there is complete diversity among the parties because Plaintiff is a citizen of Florida and it is a citizen of South Dakota. *Id*. at ¶¶ 4-5.[3] Further, Defendant maintains the Demand Letter demonstrates that the amount in controversy exceeds $75,000.00. *Id*. at ¶¶ 6-7 (citing Doc. 1-3).

### D. The Order to Show Cause.

On January 12, 2017, the undersigned entered an Order to Show Cause against Defendant. Doc. 8. The undersigned explained that the Demand Letter did not appear to sufficiently demonstrate that the amount in controversy exceeded $75,000.00, stating:

> There is no indication Plaintiff suffered or is seeking actual damages as a result of Defendant's calls. *See* Docs. 1-3; 2. The Demand Letter, instead, reveals that Plaintiff is seeking statutory damages by demanding $1,000.00 for each call placed before the Letter, and $1,500.00 for each call placed after the Letter. Doc. 1-3. The FCCPA's remedy provision has been interpreted by numerous courts to limit a plaintiff's claim for damages to $1,000.00 per action, not per violation. *Harrington v. RoundPoint Mortg. Servicing Corp.*, 163 F. Supp. 3d. 1240, 1247-48 (M.D. Fla. 2016) (citing *Arianas v. LVNV Funding LLC*, 54 F. Supp. 3d 1308, 1310 (M.D. Fla. 2014); *Salvatore v. Nationstar Mortg., LLC*, Case No. 8:15-cv-1390-T-24AEP, 2015 WL 5970707, at *4 (M.D. Fla. Oct. 13, 2015); *Tacoronte v. Tate & Kirlin Assoc's.*, Case No. 6:13-cv-331-Orl-37DAB, 2013 WL 5970720, at *2 (M.D. Fla. Nov. 8, 2013)). Thus, Plaintiff is currently limited to recovering only $1,000.00 in statutory damages under Count I of the Complaint, as it is currently plead, as opposed to $62,000.00. *Id*.

*Id*. at 3-4. In light of the foregoing, the undersigned ordered Defendant to show cause in writing why the case should not be remanded to state court for lack of subject matter jurisdiction. *Id*.

---

[3] Plaintiff alleges that Defendant is a citizen of Florida. Doc. 2 at ¶ 3. Defendant, however, maintains that Plaintiff erroneously filed suit against "Citicorp Credit Services, Inc.," an inactive Delaware corporation headquartered in New York. Doc. 1 at 1 n.1. Defendant maintains that the correct defendant is "Citibank, N.A.," a national bank located in Sioux Falls, South Dakota. *Id*. Plaintiff has not objected to Defendant's representation concerning its citizenship. Therefore, the undersigned accepts Defendant's representations concerning its citizenship as true for purposes of determining whether the Court has diversity jurisdiction over this case.

On January 20, 2017, Defendant filed a response to the Order to Show Cause. Doc. 15. Defendant acknowledges that "[i]f Plaintiff were to accept settled law and admit that her FCCPA statutory damages are capped at $1,000 per action, remand would likely be proper." *Id*. at ¶ 4. Defendant, however, maintains that remand is not proper, explaining:

> [T]he Complaint requests compensatory damages comparable to those provided by the TCPA and Plaintiff's settlement demand makes it clear that Plaintiff believes those compensatory damages exceed $75,000. Citibank will vigorously defend against Plaintiff's claim, but at this juncture the only evidence presented regarding the amount of the claim is Plaintiff's own written settlement demand for $100,000. Plaintiff has filed nothing with the Court to revoke or revise her settlement demand, nor has she admitted to such a claim being puffery; Plaintiff's silence demonstrates her confirmation of the claim amount. Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(B), the preponderance of the evidence here supports removal of the action.

*Id*. at ¶ 7. In light of the foregoing, Defendant maintains that it has sufficiently demonstrated that the Court has diversity jurisdiction over this case, and requests that the case not be remanded to state court. *Id*. at 3.

**II.   STANDARD OF REVIEW.**

A defendant may remove any civil action from state to federal court over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). This case was removed to federal court on the basis of diversity jurisdiction. Doc. 1 at ¶ 3. Diversity jurisdiction exists only where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §

1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). In cases where the damages are unspecified, "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). Statutes governing removal are strictly construed, and thus "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### III. DISCUSSION.

This case was removed to the Court on the basis of diversity jurisdiction. Doc. 1 at ¶ 3. Therefore, Defendant must demonstrate that the parties are completely diverse, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Defendant has sufficiently demonstrated that the parties are completely diverse. Therefore, the sole issue before the Court is whether Defendant has sufficiently demonstrated that the amount in controversy exceeds $75,000.00. Defendant argues that Plaintiff's request for damages and the Demand Letter sufficiently demonstrate the amount in controversy exceeds $75,000.00. *See* Docs. 1; 15. The undersigned disagrees, and, thus, finds that Defendant has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

Plaintiff alleges that Defendant violated the FCCPA, and, as a result, requests compensatory damages, statutory damages, punitive damages, injunctive relief and attorney's fees and costs. Doc. 2 at 4-6. Plaintiff, however, does not specify the amount of damages she seeks in the Complaint. *See id.* Therefore, Defendant points to the Demand Letter as evidence that the amount in controversy exceeds $75,000.00. *See* Docs. 1; 15. Defendant essentially maintains that Plaintiff's demand is tied to her request for compensatory damages, as opposed to statutory

damages, and, that Plaintiff's demand demonstrates that she believes her compensatory and other damages exceed $75,000.00.  Doc. 15 at ¶¶ 4-5, 7.

The Court may consider a demand letter when determining whether the amount in controversy exceeds $75,000.00, but such evidence may not be determinative.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994); *Lowery*, 483 F.3d at 1213 n.62; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).  The Court must consider the "circumstances" under which a demand letter was made in weighing its evidentiary value.  *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).  A demand letter that provides "specific information to support the plaintiff's claim for damages suggest[s] the plaintiff is offering a reasonable assessment of the value of his claim and [is] entitled to more weight."  *Id*. (internal quotations and alterations omitted).  A demand letter that reflects puffery or posturing is insufficient to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *Jenkins v. Myers*, Case No. 8:16-cv-344-T-17EAJ, 2016 WL 4059249, at *4 (M.D. Fla. July 27, 2016); *see also Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998) (court not persuaded that pre-suit demand letter was an honest assessment of damages).

There is nothing in the record demonstrating that Plaintiff's demand consists of compensatory damages.  First, while Plaintiff requests compensatory damages in the Complaint, there are no allegations in the Complaint indicating that Plaintiff suffered any actual damages as a result of Defendant's calls.  *See* Doc. 2.  Second, the Demand Letter contains no statement or evidence that Plaintiff suffered any actual damages, nor does it indicate that Plaintiff's claimed damages consist of compensatory damages.  *See* Doc. 1-3.  Third, Plaintiff's demand for $1,000.00 for each call Defendant placed before the Letter was sent, and $1,500.00 for each call Defendant

placed after the Letter was sent, strongly suggests that she is seeking statutory damages, as opposed to compensatory damages. *See* Fla. Stat. § 559.77(2) (limiting statutory damages to $1,000 per action).[4] Therefore, the undersigned finds that Plaintiff's demand – particularly her demand for damages related to each call Defendant placed to her home telephone – does not seek payment of compensatory damages, but, instead, seeks payment of statutory damages.[5]

Plaintiff is limited in the amount of statutory damages she can recover under the Complaint. The FCCPA provides, in relevant part, that:

> Any person who fails to comply with any provision of [§] 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

Fla. Stat. § 559.77(2). The foregoing provision has been interpreted by numerous courts to limit a plaintiff's claim for statutory damages to $1,000.00 per action, not per violation. *Harrington v. RoundPoint Mortg. Servicing Corp.*, 163 F. Supp. 3d. 1240, 1247-48 (M.D. Fla. 2016) (citing *Arianas v. LVNV Funding LLC*, 54 F. Supp. 3d 1308, 1310 (M.D. Fla. 2014); *Salvatore v. Nationstar Mortg., LLC*, Case No. 8:15-cv-1390-T-24AEP, 2015 WL 5970707, at *4 (M.D. Fla. Oct. 13, 2015); *Tacoronte v. Tate & Kirlin Assoc's.*, Case No. 6:13-cv-331-Orl-37DAB, 2013 WL 5970720, at *2 (M.D. Fla. Nov. 8, 2013)). Thus, Plaintiff is currently limited to recovering only $1,000.00 in statutory damages under Count I of the Complaint, as it is currently plead. *Id*. In

---

[4] It appears, Plaintiff's demand for $1,500.00 for each call Defendant placed after the Letter is premised on the application of the Telephone Consumer Protection Act (the TCPA), which permits an award of up to $1,500.00 in trebled, statutory damages per call. 47 U.S.C. § 227(b)(3). Plaintiff, however, does not assert a claim under the TCPA, *see* Doc. 2, and, thus, is not entitled to recover $1,500.00 in per call. Instead, the FCCPA caps statutory damages to $1,000.00. Fla. Stat. § 559.77(2).

[5] The Order to Show Cause contained a similar finding, Doc. 8 at 4, and Plaintiff has not filed anything disagreeing with the previous finding, or in support of Defendant's interpretation of the Demand Letter.

light of this limitation and the lack of any indication that Plaintiff suffered actual damages, the undersigned finds that the Demand Letter is mere puffery and not an honest assessment of Plaintiff's damages, because there nothing in the record that would reasonably support the portion of Plaintiff's demand seeking a total of $62,000.00 for the calls Defendant placed to her home telephone. Therefore, as the record stands, Plaintiff appears to be limited to recovering $1,000.00 in statutory damages and no compensatory damages under Count I of the Complaint.[6] This amount, combined with Plaintiff's claimed damages for harassment and attorney's fees and costs, which total $38,000.00, does not exceed $75,000.00.[7] Therefore, the undersigned finds that Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, and, as a result, has not demonstrated that the Court has subject matter jurisdiction over the case.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The case be **REMANDED** to state court;

2. All pending motions be **DENIED** as moot; and

3. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[6] The undersigned recognizes that Plaintiff may later demonstrate that she suffered actual damages as a result of Defendant's calls. The Court, however, is limited to considering the record before it, which, as discussed above contains no indication that Plaintiff suffered any actual damages, or that her demand consisted of compensatory damages.

[7] The undersigned expresses no opinion as to whether other amounts Plaintiff demanded for harassment and attorney's fees and cost constitute puffery.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 3, 2017.

                                              _____
                                              DANIEL C. IRICK
                                              UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy